UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JASON XERXES DENNIS,

                Plaintiff,

v.

CITY OF BURIEN, *et al*.,

                Defendants.

Case No. C20-1688-JCC-MLP

REPORT AND RECOMMENDATION

## I.    INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Jason Dennis has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed Plaintiff's amended complaint, and the balance of the record, concludes that Plaintiff has not stated a cognizable claim for relief in this action. The Court therefore recommends that Plaintiff's amended complaint and this action be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

REPORT AND RECOMMENDATION
PAGE - 1

## II.  DISCUSSION

Plaintiff is a King County prisoner who is currently confined at the Maleng Regional Justice Center in Kent, Washington. (Dkt. # 7 at 2.) On November 13, 2020, Plaintiff submitted to the Court for filing a prisoner civil rights complaint under 42 U.S.C. § 1983. (*See* Dkt. # 1.) Plaintiff alleged therein that the police abused his mother and brother by aggressively stopping their car and manhandling them while purportedly searching for Plaintiff who had already been arrested. (Dkt. # 5 at 4-5.) Plaintiff further alleged that the police either negligently or intentionally left the door to his apartment open after they searched it, causing the loss of approximately $50 million in collectibles. (*Id*. at 6-7.) Finally, Plaintiff alleged that he was falsely arrested and is being falsely confined for legally defending himself against an aggressive attacker. (*Id*. at 7-8.) Plaintiff identified the Burien Sheriff's Department and the Burien Police Department as Defendants in his complaint. (*See id*. at 1, 3.) He requested damages and he asked that the agencies identified as Defendants leave him and his family alone. (*Id*. at 9.)

After reviewing Plaintiff's complaint, this Court concluded that Plaintiff had not stated any viable claim for relief in his pleading. Thus, on December 8, 2020, the Court issued an Order declining to serve Plaintiff's complaint and granting him leave to file an amended complaint correcting specified deficiencies. (Dkt. # 6.) The Court advised therein that Plaintiff had not identified a viable Defendant in his complaint. (*Id*. at 3.) The Court explained that the Burien Sheriff's Department and the Burien Police Department were not legal entities subject to suit under § 1983. (*Id*.) The Court further explained that Plaintiff could pursue a claim against the City of Burien itself, but in order to do so he would have to specifically identify the City as a

Defendant, identify the City "policy" or "custom" that caused him harm, and identify the federal constitutional right(s) he believed had been violated by the identified "policy" or "custom." (*Id*.)

The Court also advised in its Order declining to serve Plaintiff's complaint that Plaintiff had not identified therein any viable claims for relief. Specifically, the Court explained that (1) Plaintiff could not pursue claims against the police on behalf of his family members; (2) Plaintiff's claims pertaining to the loss of his personal property were not cognizable in this action; and (3) Plaintiff's claim that he had been falsely arrested and was being falsely confined was, in essence, a challenge to Plaintiff's pending state court criminal proceedings and Plaintiff had not identified any extraordinary circumstances which would justify this Court intervention in those proceedings. (*Id*. at 3-5.)

On January 2, 2021, Plaintiff filed an amended complaint. (Dkt. # 7.) Plaintiff added the City of Burien as a Defendant in his amended complaint, but he fails to adequately allege a cause of action against this municipal entity. (*See id*. at 1, 3.) As Plaintiff was previously advised, a local government unit or municipality can be sued as a "person" under § 1983. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691 (1978). However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. Rather, a plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell* 436 U.S. at 694). Plaintiff does not identify in his amended complaint any municipal policy or custom that caused him harm of federal constitutional dimension.

REPORT AND RECOMMENDATION
PAGE - 3

Plaintiff also renews in his amended complaint his claims pertaining to the loss of his personal property and to his alleged false arrest. (Dkt. # 7 at 4-6.) As to Plaintiff's claim pertaining to the loss of his personal property, the Court explained in its previous Order that where a city or county employee's random, unauthorized act deprives an individual of property, either negligently or intentionally, the individual is relegated to his state post-deprivation process, so long as the state provides an adequate post-deprivation remedy. (Dkt. # 6 at 4, citing *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 540-41 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).) Because Washington State provides a post-deprivation remedy for the alleged tortious conduct of city and county employees under RCW 4.96, any claim pertaining to the loss of Plaintiff's personal property is not cognizable in this action.

Plaintiff appears to acknowledge in his amended complaint that this Court is not the proper forum for his lost property claims, but he nonetheless asks this Court to allow the claims "in hopes of receiving a fair verdict." (*See* Dkt. # 7 at 5.) This Court may not choose to consider claims that are otherwise not cognizable simply because Plaintiff believes this forum would be more favorable to him. Plaintiff fails to assert any viable claim for relief based on the loss of his personal property and he therefore may not pursue the claim in this § 1983 action.

As to Plaintiff's false arrest claim, the Court explained in its previous Order that the federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. (Dkt. # 6 at 4, citing *Younger v. Harris*, 401 U.S. 37 (1971).) The Court further explained that Plaintiff's complaint did not reveal any extraordinary circumstances which would appear to

REPORT AND RECOMMENDATION
PAGE - 4

justify this Court's intervention in his ongoing state court criminal proceedings. (*See id*. at 4-5.) Though not entirely clear, Plaintiff appears to acknowledge in his amended complaint that his false arrest claim is premature but he maintains he should be compensated for the false arrest once his state court criminal case is fully adjudicated. (*See* Dkt. # 7 at 6.) Whether Plaintiff will, at any point, have a viable false arrest claim to pursue in this Court is speculative at best. Should Plaintiff prevail in his criminal proceedings, as he appears to expect, he may return to this Court to present his false arrest claim at a later time. At this point, the claim is simply not cognizable.

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because Plaintiff fails to state any cognizable claim for relief in his amended complaint, this action must be dismissed.

### III.   CONCLUSION

Based on the foregoing, this Court recommends that Plaintiff's amended complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915(e)(2)(B), for failure to state a cognizable claim for relief under § 1983. This Court further recommends that this dismissal be counted as a strike under 28 U.S.C. § 1915(g). A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's

REPORT AND RECOMMENDATION
PAGE - 5

motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 26, 2021**.

DATED this 1st day of February, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 6